IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SSI TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> KUS DONGGUAN ZHENGYANG ELECTRONIC MECHANICAL LTD., <br><br> Defendant. | Case No. 20-19 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff SSI Technologies, LLC ("SSI"), by its counsel, Michael Best & Friedrich LLP, alleges as follows for its Complaint against Defendant KUS Dongguan Zhengyang Electronic Mechanical LTD ("KUS" or "Defendant").

### NATURE OF THE ACTION

1.  This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271, arising from KUS's actions, including making, using, selling, offering for sale and/or importing into the United States one or more products that infringe U.S. Patent No. 9,535,038 (the '038 Patent"), including the KUS DEF quality sensor ("Accused Products").

### THE PARTIES

2.  SSI is a limited liability company organized under the laws of the State of Wisconsin and has its principal place of business at 3200 Palmer Drive, Janesville, Wisconsin 53546.

3.  Upon information and belief, KUS is a foreign company organized in China. KUS has a principal place of business at No. 1, Donghuan Third Street, Ji Ti Gang, Huang, Jiang Town, Dongguan City, Guang Dong Province, China 523750.

## JURISDICTION AND VENUE

4. SSI's claim arises under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over KUS because, upon information and belief, KUS directly and/or through intermediaries, imported into the United States and sold and/or offered the Accused Products that infringe the '038 patent, as well as other products.

7. KUS is not a resident of the United States.

8. KUS is not subject to jurisdiction in any state's courts of general jurisdiction.

9. Exercise of jurisdiction over the KUS is consistent with the United States Constitution and laws because it would comport with due process and would be reasonable and fair.

10. KUS does business in the United States including importing, offering to sell and/or selling the Accused Products and other products in the United States.

11. KUS attends trade shows in the United States, including attending the Integer Emissions Summit USA on November 19-20, 2019 in Indianapolis, Indiana (the "Integer Emissions Summit").

12. KUS displayed and discussed the Accused Products and other products at the Integer Emissions Summit.

13. KUS operates an internationally-accessible website www.kusauto.com that is presented in English. KUS's website includes at least the following web-page for the Accused Products:



14.     On information and belief, KUS has discussed and offered for sale the Accused Products to customers or potential customers in the United States.

15.     Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§1391(b)(2), (c)(3) and 1400 because injuries from KUS's actions have been and will continue to be felt in this District and KUS is subject to personal jurisdiction in this District.

### SSI'S PRODUCTS AND THE '038 PATENT

16.     SSI is an innovative company that is a leader in the custom development of sensor solutions for a wide range of markets. SSI designs and manufactures pressure, level and magnetic sensors, sensor-based monitoring systems, digital pressure gauges, and digital level gauges for automotive and industrial applications.

17. SSI invested substantially to develop its diesel exhaust fluid ("DEF") sensor technology. SSI's DEF sensor technology includes mechanisms and methods for reducing the effects of aeration on ultrasonic level or concentration measurement systems. For example, SSI designed and manufactures the TULC Sensor, which is an in-tank combination sensor for accurate, reliable measurement of temperature, level, and fluid quality/concentration, for selective catalytic reduction ("SCR") DEF tanks that meet legislated mandates for cleaner diesel emissions. SSI's DEF sensor products have made it a market leader for DEF sensor technology.

18. SSI has protected its technologies through a broad range of intellectual property rights, including patents related to level and magnetic sensors, digital pressure gauges and level gauges for automotive and industrial applications.

19. The '038 Patent, entitled "Reduction of Aeration Interference in an Ultrasonic Fluid Sensing System," was duly and legally issued by the United States Patent and Trademark Office on January 3, 2017. A true and complete copy of the '038 Patent is attached to the Complaint as Exhibit A. The '038 Patent is valid and enforceable.

20. SSI is the sole owner of the '038 Patent. As the owner of the '038 Patent, SSI is authorized and has standing to bring legal action to enforce all rights arising from the '038 Patent.

21. The '038 Patent is directed to mechanisms and techniques for reducing interference in measurements caused by gas bubbles (e.g., a gas trapped in a liquid) in fluid level and concentration sensors. Fluid level and fluid concentration sensing is important in a number of vehicle applications including, for example, the sensing of DEF used in an SCR diesel emission-control system.

## KUS'S ACCUSED DEF SENSORS

22. On information and belief, KUS has made, used, offered to sell, sold and/or imported into the United States, the Accused Products.

23. The following is picture of an accused KUS DEF quality sensor.



24. The Accused Products directly compete with SSI's DEF sensor products, including the TULC Sensor.

25. The Accused Products include each and every limitation of at least claim 9 of the '038 Patent, which recites:

> 9. A sensor operable to sense a characteristic of a fluid, the sensor comprising:
>
> a sensing area configured to contain the fluid;
>
> a chimney configured to exhaust entrapped air from the sensing area; and
>
> a filter covering the sensing area, the filter configured to allow a liquid portion of the fluid to enter the sensing area, and
>
> substantially prohibit one or more gas bubbles of the fluid from

>> entering the sensing area; and
>
> a transducer configured to
>
>> output a pulse of sound through the liquid portion of the fluid contained within the sensing area,
>>
>> receive the reflected pulse of sound, and
>>
>> output a characteristic of the fluid based on the received pulse of sound.

26. KUS directly infringes at least claim 9 of the '038 Patent by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

27. KUS induces infringement of at least claim 9 of the '038 Patent by actively encouraging distributors, customers, and others to sell, offer for sale, use and/or import the Accused Products.

28. KUS does not have authority to make, use, offer to sell, sell the Accused Products within the United States, or to import into the United States, any invention claimed in the '038 Patent.

29. SSI notified KUS of its infringement of the '038 patent on October 8, 2019.

30. KUS was aware of the '038 patent before SSI notified KUS of infringement on October 8, 2019.

31. KUS is aware that its manufacture, use, offer for sale, sale, and/or importing the Accused Products, and inducement of others to use, sell, offer for sale, sell and/or import the Accused Products, infringe the '038 patent at least through the notice of infringement provided by SSI to KUS on October 8, 2019.

6

## COUNT I
### Infringement of U.S. Patent No. 9,535,038

32. SSI re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. SSI has the right to enforce the '038 patent and the right to recover damages for infringement.

34. KUS has infringed the '038 patent, literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing the Accused Products.

35. KUS has infringed the '038 patent by inducing others to make, use, offer to sell, sell and/or import the Accused Products.

36. KUS knew that making, using, offering to sell, selling, and/or importing the Accused Products would infringe the '038 patent. KUS's past and continued infringement of the '038 patent has been and continues to be willful and deliberate.

37. Because of KUS's infringement of the '038 Patent, SSI has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

38. KUS's willful infringement will continue unless enjoined by this Court.

39. KUS's conduct makes this an exceptional case; SSI should therefore be awarded enhanced damages and its reasonable attorney's fees pursuant to 35. U.S.C. §§ 284 and 285 and other applicable rules, statutes, and law.

## PRAYER FOR RELIEF

WHEREFORE, SSI respectfully prays that upon trial on the merits this Court render judgment in SSI's favor and against KUS as follows:

A. Judgment that KUS has infringed the '038 Patent under 35 U.S.C. § 271;

  B. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, preventing KUS, its officers, agents, servants, employees, successors, assignees, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with any of them from further infringing the '038 Patent;

  C. An award of damages adequate to compensate SSI for KUS's patent infringement, and no less than the damages provided for under 35 U.S.C. § 284;

  D. An award for enhanced damages under 35 U.S.C. § 284;

  E. An award of attorneys' fees under 35 U.S.C. §285;

  F. An award of pre-judgment interest, post-judgment interest, and all costs associated with this action; and

  G. Any other relief as the Court deems appropriate and just under the circumstances.

## **JURY DEMAND**

SSI demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39, and other applicable federal and state law.

Dated this 9th day of January, 2020.

                Respectfully submitted,

                **MICHAEL BEST AND FRIEDRICH LLP**


                By: */s/ Shane A. Brunner*
                   Shane A. Brunner, SBN 1034128
                   sabrunner@michaelbest.com
                   Kenneth M. Albridge III, SBN 1078384
                   kmalbridge@michaelbest.com
                   One South Pinckney Street, Suite 700
                   Madison, WI 53703
                   Telephone: 608.257.3501
                   Facsimile: 608.283.2275

                   J. Ryan Gray, SBN 1104649
                   jrgray@michaelbest.com
                   2501 Blue Ridge Road, Suite 390
                   Raleigh, NC 27607
                   Telephone: 984.220.8750
                   Facsimile: 877.398.5240

                *Attorney For SSI Technologies, LLC*