IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SSI TECHNOLOGIES, LLC,

                Plaintiff,

v.                                                  OPINION and ORDER

DONGGUAN ZHENGYANG ELECTRONIC              20-cv-19-jdp
MECHANICAL LTD,

                Defendant.

---

    Plaintiff SSI Technologies, LLC is suing defendant Dongguan Zhengyang Electronic Mechanical LTD (DZEM) for patent infringement. The parties agreed to a protective order that allows a party to designate technical documents relating to products under development as "Prosecution Bar Material." This provision prohibits any individual who views Prosecution Bar Material from being involved in the prosecution of the types of patents at issue in this lawsuit for two years. Dkt. 20-1, ¶ 5.a. DZEM produced source code materials for one of the products at issue in this lawsuit, an automotive sensor, labeling the source code as Prosecution Bar Material. SSI asks the court to order DZEM to remove the designation. Dkt. 50.[1]

    The source code is ineligible for prosecution-bar designation under the protective order's plain language. The protective order says that a party may grant prosecution-bar designation to "technical documents concerning product designs or concepts that are under development and have not been made available to the public." Dkt. 20-1, ¶ 5.b. The source code is a technical document that has not been made available to the public. But the source code is for

---

[1] SSI also requests leave to file a reply brief in support of its motion. Dkt. 56. The court will grant the motion and has considered the brief, although nothing in the brief affects the analysis in this order.

an existing product, not one under development. DZEM contends that its source code is subject to the prosecution bar because it isn't "a static product" and "is under constant development and modification." Dkt. 55, at 3. The point of the prosecution bar is to protect future products, preventing the competitor from orienting its own patent prosecution toward those future products. DZEM admits in its answer that the product at issue has been offered for sale, Dkt. 40, ¶ 25, so source code for a current product doesn't meet the requirements for prosecution-bar designation.

DZEM also says that SSI failed to meet and confer to resolve the dispute as required by the protective order, *see* Dkt. 20-1, at ¶¶ 3.f, 5.b. But SSI shows that the parties extensively discussed the issue over email over a period of several weeks. *See* Dkt. 51-1 and Dkt. 51-7. The email correspondence is enough to satisfy the protective order's meet-and-confer requirement.

Finally, DZEM says that if its source code doesn't qualify as Prosecution Bar Material under the protective order, the court should modify the protective order to expressly include the source code under the prosecution bar. DZEM contends that SSI hasn't given a good reason for why those involved in its patent-prosecution efforts need to see the source code. But SSI explains that it needs to have its code-literate attorneys review the source code to discuss it with SSI's expert. And those code-literate attorneys might later be needed to prosecute patents for SSI. Dkt. 50, at 5; *see also* Dkt. 51-7, at 6.

The burden is on DZEM to show why a protective order is required, not on SSI to show why it shouldn't be imposed. DZEM cites *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377–78 (Fed. Cir. 2010), which states that a party asking the court to impose a prosecution bar "must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar

reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Id.* at 1381. SSI agrees that the source code is entitled to "Highly Confidential" designation. That designation prevents a party from using Highly Confidential information for any purpose outside this litigation. Dkt. 20-1, ¶ 4.a. DZEM hasn't shown that the court should impose the further restriction of a broad prosecution bar.

In *Deutsche Bank*, the Federal Circuit Court of Appeals cautioned courts against imposing blanket prosecution bars on all attorneys who are involved in a firm's patent prosecution. Rather, a prosecution bar should be limited to attorneys involved in a firm's "competitive decisionmaking." *Id.* at 1378. And "[not] every patent prosecution attorney is necessarily involved in competitive decisionmaking." *Id.* at 1379. Rather, the court must determine whether a protective order is required by "examin[ing] all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." *Id.* at 1380. DZEM hasn't shown that it faces any substantial competitive risk by having SSI's patent attorneys view the source code for a current product, especially when those attorneys are prohibited from using that source code for anything outside of this case.

The plain language of the protective order doesn't allow DZEM to designate its source code as Prosecution Bar Material, and DZEM hasn't shown why the court should modify the order to allow DZEM to do so. The court will grant SSI's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff SSI Technologies, LLC's motion for leave to file a reply brief, Dkt. 56, is GRANTED.

2. SSI's motion to remove prosecution bar designation, Dkt. 50, is GRANTED. Defendant Dongguan Zhengyang Electronic Mechanical LTD is ordered to remove the prosecution-bar designation from the source code materials it has produced.

Entered January 15, 2021.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge