IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SSI TECHNOLOGIES, LLC,

                    Plaintiff,                    ORDER

   v.

DONGGUAN ZHENGYANG ELECTRONIC          20-cv-19-jdp
MECHANICAL LTD.,

                    Defendant.

---

Before the court is plaintiff SSI's motion to compel discovery (dkts. 59-60), seeking defendant DZEM's documents relating to electronic document management systems and DZEM's unprivileged "freedom to operate" (FTO) opinions. DZEM opposes the motion (dkts. 65-66). Having considered the parties's submissions, I am granting the motion in part and denying the motion in part.

The first part of SSI's motion is a continuation of a previous discovery dispute in which SSI voiced incredulity at the meager number of documents DZEM produced in response to SSI's requests for production (RFPs). At a December 17, 2020 hearing on that dispute, the court ordered DZEM to disclose its search and collection methodology. Transcript, dkt. 49, at 10. According to SSI, DZEM subsequently reported that ESI could be stored in a folder in a network, and that DZEM used an onsite server. SSI viewed these reports as contradicting DZEM's previous representations, so on February 4, 2021, it served a second set of RFPs trying to hone in more tightly. DZEM objected and refused to provide any additional documents.

DZEM acknowledges that it has not produced the information requested in SSI's follow-up requests. It asserts that this additional information is irrelevant to SSI's infringement claims against DZEM's sensor. According to DZEM,

> All documents relating to the design and operation of the DZEM Sensor were produced. These include samples of the DZEM Sensor, engineering documents, and the computer source code that, when complied, controls the operation of the sensor. SSI has produced reports by two technical experts regarding the structure and operation of the DZEM Sensor, neither of whom suggest that they lacked any information necessary to complete their analysis.

Opp. Brief, dkt. 65, at 4.

According to DZEM, what SSI now is requesting–namely information related to ISO 9001 and ATF 16949 certifications–is irrelevant. "None of these documents . . . provides any information regarding how the accused DZEM Sensor is configured or operates beyond the information that has already been produced." *Id.* Against this lack of benefit, says DZEM, is the heavy burden of producing millions of irrelevant documents, "including a warehouse full of hard copies." *Id.* at 6. Finally, DZEM asserts that there are no inconsistencies between its first and second responses regarding document management; the fact that SSI *believes* that DZEM must have and use a more complex computer system doesn't make it so. DZEM asserts that all relevant folders–individual and shared–were searched and all relevant information was provided.

SSI's skepticism about all this is unsurprising but unpersuasive. The court accepts DZEM's averments that it actually has produced its relevant and responsive documents. To impose the next level of discovery on this point as SSI urges would impose costs in time, effort and money that would be highly disproportionate to the hoped-for benefit that likely never would accrue to SSI. I am denying this portion of SSI's motion.

Second, SSI asks this court to compel DZEM to produce its freedom to operate opinions (FTOs); apparently, the motion encompasses RFPs 66-72, which focus on the accused products and any other patents that disclose sensors for diesel exhaust fluid. *See* dkt. 60-13. SSI provides

a timeline showing that threes days after SSI sent a letter to DZEM in 2019 accusing it of infringing SSI's '038 patent, DZEM sent a letter to its customers announcing that it had performed a FTO search and enclosing an excerpt of a 2018 letter from a law firm opining that DZEM's sensor did not infringe any patents.

DZEM responds that it has no FTOs relating to either the '038 or the '153 patents, the two patents asserted in this lawsuit. DZEM points out that this issue also was discussed at the December 12, 2020 telephonic hearing at which the court indicated that it was not planning on giving SSI access to any of DZEM's FTOs that had nothing to do with the '038 or '153 patents. *See* dkt. 49 at 17-18. This is still the court's position but with a major exception: the fact that DZEM shared an excerpt of the May 31, 2018 FTO opinion with its customers after receiving SSI's letter about the '038 patent makes this FTO relevant and discoverable. SSI is entitled to see the remainder of the FTO.

DZEM half-heartedly claims that it has not waived the attorney client privilege for any of its FTOs. This is incorrect regarding the May 31, 2021 FTO that it disclosed verbatim (in part) with its customers. DZEM must disclose this FTO to SSI. *Vardon Golf Co., Inc. V. Karsten Mfg. Corp.*, 213 F.R.D. 528, 533 (N.D. Ill. 2003) (quoting from privileged documents is inconsistent with the confidential nature of the attorney-client relation; having selectively disclosed some of the communications, the client has waived its privilege protecting those communications).

Next, when Ernie Huang responded to an inquiry about the instant lawsuit on February 6, 2020, he referenced two law firm investigations in 2018. *See* dkt. 60-11. That makes them relevant to this lawsuit, at least relevant enough to be discovered. One of these FTOs probably

3

is the May 31, 2018 FTO just referenced, for which DZEM has waived any attorney client privilege. DZEM also waived the privilege as to the second FTO when Huang stated that KUS (DZEM) hired two American law firms to investigate and they "found . . .that our sensor had 'Freedom to Operate' meaning that the patent attorneys did not find any evidence of patent infringement." *Id.* at 1. *See Vardon Golf.,* 213 F.R.D. at 533.

All of this being so, I will follow the court's lead in *Vardon Golf* and allow DZEM to submit the specified FTOs *ex parte* for *in camera* review to determine the scope of the waiver. It is likely that the FTOs address nothing other than the subject matter revealed by DZEM to its customers so that the FTOs are completely unprivileged, but that is a determination for the court to make.

## ORDER

It is ORDERED that:

(1) The first half of SSI's motion to compel is DENIED;

(2) The second half of SSI's motion to compel is GRANTED IN PART in the manner outlined above. Not later than July 15, 2021, DZEM must submit the specified FTOs *ex parte* for *in camera* review.

(3) The parties' competing requests for cost shifting are DENIED. Each side will bear its own costs on this motion.

Entered this 8th day of July, 2021.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge