IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SSI TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 3:20-cv-00019 |
| | ) | |
| v. | ) | Judge James D. Peterson |
| | ) | |
| DONGGUAN ZHENGYANG ELECTRONIC MECHANICAL LTD., | ) ) | Magistrate Judge Anita M. Boor |
| | ) | |
| Defendant/Counterplaintiff. | ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S REVISED OBJECTIONS TO DEFENDANT'S SUPPLEMENTAL TRIAL EXHIBIT LIST (DKT. 314)**

Pursuant to the Court's instructions during the parties' final pretrial conference on September 25, 2024, Defendant Dongguan Zhengyang Electronic Mechanical Ltd. ("Defendant" or "DZEM") hereby submits its response to Plaintiff SSI Technologies, LLC's ("Plaintiff" or "SSI") revised objections to DZEM's Narrowed and Supplemental Trial Exhibit List (Dkt. 314) ("Objections").  DZEM notes that SSI did not wait for DZEM's response to its latest correspondence before filing its Objections.  Nevertheless, DZEM responds to SSI's Objections accordingly, and as provided in Ex. 1 to this filing:

**Exhibits Which DZEM Has Removed From its Revised Exhibit List (Ex. 1):**

- DX518
- DX550
- DX577
- DX579
- DX580
- DX585
- DX672
- DX590
- DX644-DX665

1

**Relevance and Foundation for SSI's Remaining Objections**

- DX507:   This document admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customers.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX508:   This document admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customers.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX521:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customer.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX583:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's issues and problems with its customers and other competitors regarding the TULC sensor.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX591:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customer.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX592:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customers.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX673:   This is a request for business from Defendant's customer, whom Plaintiff alleges is one of its "lost profits" customers.  This is relevant to damages and has been relied upon by experts in this matter.  This document is also not hearsay because, amongst other reasons, it is not being offered for the truth of the matter asserted, but rather to demonstrate the business process involved in the integration of ultrasonic quality sensor components.

- DX680:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customer.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX681:   This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customer.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost

- profits.

- DX682:  This document is admissible as an opposing party admission and is relevant to damages because it shows Plaintiff's TULC product failures with its customer.  This is further relevant to damages as it demonstrates an alternative cause for Plaintiff's alleged lost profits.

- DX683:  This document is admissible as an opposing party admission and is relevant to damages, as it demonstrates the absence of value attributable to the TULC sensor with and without the claimed invention.

- DX684:  This document is admissible as an opposing party admission and is relevant to damages, as it demonstrates the absence of value attributable to the TULC sensor with and without the claimed invention.

### DZEM's Physical Samples

SSI objects to DZEM providing the TQS Sensor without the rubber cover to trial as it is "not identified" on DZEM's exhibit list.  This is incorrect, as DX640-643 identifies multiple TQS Sensors, which (as SSI is well aware) may not include the rubber cover.  (Ex. 1.)  Furthermore, no parties have shared samples of physical exhibits yet, which is not uncommon before trial as the parties are not yet physically in the same area.

### DX582 Was Previously Found Admissible

The Court overruled Plaintiff's objections to this exhibit at the September 25, 2024 Final Pretrial Hearing.  This document is a party opponent admission relevant to damages because its shows suitable non-infringing alternatives.  It is also on Plaintiff's Exhibit List as PX97.  Therefore, Plaintiff's objections to this exhibit are both moot and should be overruled again.

### DX597 (the '153 Patent) Is Admissible

Contrary to Plaintiff's assertion in its objections to this Exhibit and in its correspondence, this Court did not rule on DX597, the '153 patent, at the Pre-Trial Conference.  This Exhibit is relevant as the '153 patent was once before this Court, and goes to Defendant's willfulness arguments.

3

Date: September 27, 2024  Respectfully submitted,

By,   s/ *Courtland C. Merrill*
Joseph M. Kuo (Bar ID 6216400)
Michael J. Pollock (Bar ID 6321866)
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100
(312) 876-0288
joseph.kuo@saul.com
michael.pollock@saul.com

Courtland C. Merrill (WI Bar ID 1075944)
SAUL EWING LLP
33 South 6th St, Suite 4750
Minneapolis, MN 55402
(612) 225-2800
courtland.merrill@saul.com

Veronica McCarty (DE Bar ID 6734)
SAUL EWING LLP
1500 Market Street, 38th Floor
(215) 972-7777
Philadelphia, PA 19102-2186
veronica.mccarty@saul.com

*Attorneys for Defendant/Counterplaintiff Dongguan Zhengyang Electronic Mechanical LTD*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and thereby caused it to be served on all counsel of record registered to receive such service.

s/ *Courtland C. Merrill*