**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| SSI TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 20-cv-00019 |
| | ) | |
| v. | ) | Judge James D. Peterson |
| | ) | |
| DONGGUAN ZHENGYANG | ) | Magistrate Judge Anita M. Boor |
| ELECTRONIC MECHANICAL LTD., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

<u>**DEFENDANT'S RESPONSE TO SSI TECHNOLOGIES, LLC'S
MOTION FOR POST TRIAL REMEDIES (DKT. 392)**</u>

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 1

II.    SUPPLEMENTAL DAMAGES.................................................................... 2

III.   SSI'S REQUESTED ATTORNEY'S FEES SHOULD BE REDUCED .......................... 4

IV.  SSI'S REQUESTED NON-TAXABLE COSTS SHOULD BE REDUCED..................... 6

V.    CONCLUSION.......................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Berry Plastics Corp. v. Intertape Polymer Corp.*,
No. 310CV00076RLYMPB, 2017 WL 167829 (S.D. Ind. Jan. 17, 2017) ............................7, 8

*Crispin R. v. Bd. of Educ. of Chi.*, Dist. 299,
No. 09-CV-3993, 2010 WL 3701328 (N.D. Ill. Sept. 10, 2010) ................................................4

*Fields v. City of Chicago*,
No. 10-C-1168, 2018 WL 253716 (N.D. Ill. 2018) ..................................................................7

*Harper v. City of Chi. Heights*,
223 F.3d 593 (7th Cir. 2000) ....................................................................................................4

*Harper v. City of Chi. Hts.*,
No. 87-C-5112, 1994 WL 710782 (N.D. Ill. Dec. 16, 1994).....................................................7

*Intellect Wireless, Inc. v. HTC Corp.*,
No. 09 C 2945, 2015 WL 136142 (N.D. Ill. Jan. 8, 2015) ........................................................5

*In re Method of Processing Ethanol Byproducts & Related
Subsystems ('858) Pat. Litig.*,
*No.* 1:10-CV-8000-RLM-DML, 2022 WL 1402875 (S.D. Ind. May 3, 2022)..........................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014).................................................................................................................1

*OrthoArm, Inc. v. Am. Orthodontics Corp.*,
No. 06-C-0532, 2009 WL 10677059 (E.D. Wis. Feb. 9, 2009)............................................4, 5

*Walker v. City of Milwaukee*,
No. 20-CV-487, 2024 WL 1344244 (E.D. Wis. Mar. 29, 2024) ...............................................7

## I.   INTRODUCTION

Defendant Dongguan Zhengyang Electronic Mechanical, Ltd. ("DZEM" or "Defendant") files this brief in response to SSI Technologies, LLC's ("SSI" or "Plaintiff") Motion for Post Trial Remedies (Dkt. 392) and associated brief (Dkt. 393) ("Brief").  While DZEM and SSI are largely in agreement with the requested amounts, DZEM respectfully requests that the total award of attorneys' fees, expenses, and prejudgment interest be reduced by a total of $59,016.11 as shown below.

| Category | SSI's Requested Amount | DZEM's Requested Reduction | Total After Reduction |
|---|---|---|---|
| Supplemental Damages | $1,546,265.00 | $0 | $1,546,265.00 |
| Prejudgment Interest | $2,580,336.00 | $0 | $2,580,336.00 |
| Attorney Fees | $2,638,752.39 | $35,026.90 | $2,603,725.49 |
| Non-Taxable Costs | $816,119.65 | $23,989.21 | $792,130.44 |
| **Totals** | **$7,581,473.04** | **$59,016.11** | **$7,522,456.93** |

*First*, DZEM and SSI both agree that the total amount of supplemental damages that SSI should be awarded is $1,546,265 based on 44,179 infringing units sold after July 31, 2024. SSI states in its Brief that "SSI will accept DZEM's and its witnesses' representations as to the number of infringing sensors sold." Dkt. 393 at 3.

*Second*, DZEM has reviewed Mr. Bero's calculations in support of SSI's request of $2,580,336.00 in prejudgment interest (Dkt. 393 at 11–12) and DZEM accepts SSI's representations as to the amount of prejudgment interest.

*Third*, while DZEM understands that the Court has awarded attorneys' fees, requested attorneys' fees and expenses must be reasonable. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 549 (2014) ("[T]he revised language of § 285…provides that "[t]he court in exceptional cases may award ***reasonable*** attorney fees to the prevailing party.") (emphasis added). As explained below, DZEM objects to specific

requests of attorney's fees and expenses that SSI seeks reimbursement for as unreasonable. In particular, $35,026.90 of the attorney's fees SSI requests correspond to time entries that are largely or entirely redacted, which prevents DZEM from evaluating the reasonableness of the entries. The narrative of time entries are not privileged and DZEM is entitled to verify that the fees it is reimbursing SSI are reasonable and necessary.

*Fourth*, regarding the non-taxable costs that SSI seeks reimbursement for, $20,293.75 are associated with an invoice from Mr. Bero, SSI's damages expert witness, for services provided for an entirely unrelated matter. Also, the law is clear that expenses related to meals for attorneys are not recoverable through a motion for attorney's fees. These expenses discussed are unequivocally not subject to reimbursement through a motion for attorney's fees. As such, the Court should reduce SSI's non-taxable cost reimbursement by $3,695.46 to remove these specific meal expenses.

In sum and as outlined in the chart above, SSI's requested amounts for fees and expenses should be reduced by approximately $59,016.11. At most, SSI should only be able to recover $2,603,725.49 in attorney's fees and $792,130.44 in non-taxable expenses.

## II.    SUPPLEMENTAL DAMAGES

In awarding supplemental damages to SSI in its Order and Opinion regarding Post Trial Motions (Dkt. 388), this Court stated, "[t]he court will not award supplemental damages on any non-infringing sales (including those to PACCAR)" and "the court will require DZEM to provide robust verifying documentation of any sensor units that it contends are non-infringing." Dkt. 388 at 17. DZEM did exactly that, providing robust documentation as confirmed in SSI's Brief stating "DZEM submitted its accounting, which included two declarations, two spreadsheets, and over 5,600 underlying documents with over 13,000 pages." Dkt. 393 at 2.  DZEM provided that documentation to SSI on May 5, 2025, exactly

- 2 -

as the Court requested.  *See* Dkt. 388 at 17 ("[T]he court will require DZEM to provide robust verifying documentation.").  DZEM's declarations (attached to its productions) explained in detail how DZEM meticulously arrived at its figure of 44,179 supplemental infringing units, and explained that those were the only units DZEM sold in the United States after July 31, 2024 without a rubber cover.

In the wake of the robust and detailed documentation production, SSI did not dispute DZEM's representations that it sold 44,179 infringing sensors after July 31, 2024.  Pursuant to the Court's Order explicitly encouraging the parties to "to reach a stipulation on the quantity of infringing sales" (Dkt. 388 at 17), DZEM provided multiple opportunities in the ensuing two weeks between May 5, 2025 and May 19, 2025—the date of SSI's responsive filing—to meet and confer with SSI's counsel regarding the supplemental damages accounting and related documentation. After being provided several opportunities to meet and confer, SSI accepted DZEM's representations stating in its Brief "for purposes of calculating supplemental damages, SSI will accept DZEM's and its witnesses' representations as to the number of infringing sensors sold" Dkt. 393 at 3. Therefore, the total amount of supplemental damages is $1,546,265 based on 44,179 infringing units sold after July 31, 2024. Consistent with this Court's Order that "[t]he court will also treble the damages awarded for sales after July 31, 2024" (Dkt. 388 at 22) the total amount of supplemental damages is $4,638,795.[1]

---

[1] While DZEM respectfully disagrees with the Court's ruling to treble the damages amount and reserves all rights, DZEM acknowledges the amount of supplemental damages is accurate as enhanced, in compliance with the Court's Order and Opinion on Post Trial Motions (Dkt. 388).

## III.    SSI'S REQUESTED ATTORNEY'S FEES SHOULD BE REDUCED

DZEM does not dispute that the Court awarded SSI attorneys' fees after February 13, 2023.[2] Dkt. 388 at 24.  But SSI should not be permitted to recover attorneys' fees with corresponding time entries that are largely or entirely redacted.  Information regarding attorneys' fees is not protected by attorney-client privilege and the redactions prevent DZEM from evaluating the reasonableness of the entries.  "A court should not award attorneys' fees to a party for time entries that are so vague that it is impossible to discern whether the time is excessive or even relevant to the claim on which the plaintiff prevailed." *Crispin R. v. Bd. of Educ. of Chi*., Dist. 299, No. 09-CV-3993, 2010 WL 3701328, at \*6 (N.D. Ill. Sept. 10, 2010); *see also Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000) ("[W]hen a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage."). As discussed below, the Court should reduce SSI's requested award of attorney's fees by $35,026.90 for the time entries that are largely or entirely redacted.

"Generally, information regarding attorneys' fees is not protected by attorney-client privilege 'because the payment of fees is not a confidential communication between the attorney and client.'" *OrthoArm, Inc. v. Am. Orthodontics Corp*., No. 06-C-0532, 2009 WL 10677059, at \*3 (E.D. Wis. Feb. 9, 2009) citing *In re Witnesses Before the Special Mar. 1980 Grand Jury*, 729 F.2d 489, 491 (7th Cir. 1984). "In an action for reimbursement of attorneys' fees ... the claim is not dependent upon the substance of the advice given but on the pertinent factors relating to the rendering of the services, factors which may be inquired

---

[2] As with enhanced damages, DZEM respectfully disagrees with the Court's decision to award attorneys' fees and reserves all rights to appeal that decision.

into and determined without the production of privileged communications." *OrthoArm, Inc. v. Am. Orthodontics Corp.,* No. 06-C-0532, 2009 WL 10677059, at *3 (E.D. Wis. Feb. 9, 2009) citing *Continental Cas. Co.*, 275 Wis. 350 at 356.1; *see also Intellect Wireless, Inc. v. HTC Corp.*, No. 09 C 2945, 2015 WL 136142, at *8 (N.D. Ill. Jan. 8, 2015) (Finding defendant "should not be reimbursed" for time entries "that were entirely or largely redacted by [defendant].")

In a case specifically involving Michael Best & Friedrich, the district court applied a "25 percent reduction to the fees requested by [defendants] for services provided by Michael Best & Friedrich." *In re Method of Processing Ethanol Byproducts & Related Subsystems ('858) Pat. Litig., No.* 1:10-CV-8000-RLM-DML, 2022 WL 1402875, at *9 (S.D. Ind. May 3, 2022). In that case, "Michael Best & Friedrich heavily redacted all of its invoices, contending that they included attorney-client privilege, and didn't file unredacted copies under seal." *Id.* The district court agreed with the plaintiff that "the redactions made it impossible to determine whether the time expended and amounts billed for the redacted entries were necessary or reasonable." *Id.* While not all of Michael Best & Friedrich's time entries are redacted in this case, *In re Method of Processing Ethanol Byproducts* is still instructive that the redactions to the time entries prevent DZEM from evaluating the reasonableness of the entries and that SSI's requested attorney's fees should be reduced so that SSI cannot recover the fees associated with the redacted entries.

DZEM provides the following table to efficiently guide the Court to the largely or entirely redacted time entries that DZEM cannot verify are reasonable or necessary. The source of this data (as referenced in the first column of the table) is Exhibits A-C to the

Brunner Declaration (Dkt. 394-1–Dkt. 394-3).  Based on the table below, SSI's fee award should accordingly be reduced by $35,026.90.

| Source | Date | Timekeeper | Hours | Total |
|---|---|---|---|---|
| Dkt. 394-1 at 5 | 4/5/23 | J. Gray | 0.40 | $150.40 |
| Dkt. 394-1 at 5 | 4/7/23 | J. Heraclis | 0.80 | $266.40 |
| Dkt. 394-1 at 12 | 6/12/23 | D. Stettner | 0.20 | $123.60 |
| Dkt. 394-1 at 40 | 1/2/24 | D. Stettner | 3.40 | $2,380.00 |
| Dkt. 394-1 at 42 | 1/8/24 | A. Wesner | 3.40 | $1,190.00 |
| Dkt. 394-1 at 45 | 1/19/24 | A. Wesner | 3.50 | $1,225.00 |
| Dkt. 394-1 at 46 | 1/22/24 | M. Bess | 0.60 | $399.00 |
| Dkt. 394-1 at 50 | 2/5/24 | M. Bess | 4.70 | $3,125.50 |
| Dkt. 394-1 at 51 | 2/6/24 | M. Bess | 5.40 | $3,591.00 |
| Dkt. 394-1 at 52 | 2/7/24 | D. Stettner | 0.70 | $490.00 |
| Dkt. 394-1 at 54 | 2/22/24 | D. Stettner | 4.50 | $3,150.00 |
| Dkt. 394-1 at 58 | 3/6/24 | D. Stettner | 1.20 | $840.00 |
| Dkt. 394-1 at 75 | 6/28/24 | D. Stettner | 0.50 | $350.00 |
| Dkt. 394-1 at 77 | 7/1/24 | D. Stettner | 1.60 | $1,120.00 |
| Dkt. 394-1 at 84 | 7/31/24 | D. Stettner | 0.70 | $490.00 |
| Dkt. 394-1 at 131 | 10/29/24 | A. Wesner | 2.60 | $910.00 |
| Dkt. 394-1 at 133 | 11/1/24 | G. Helding | 2.10 | $1,050.00 |
| Dkt. 394-1 at 133 | 11/4/24 | D. Stettner | 0.40 | $280.00 |
| Dkt. 394-1 at 133 | 11/4/24 | G. Helding | 5.80 | $2,900.00 |
| Dkt. 394-1 at 134 | 11/5/24 | G. Helding | 4.00 | $2,000.00 |
| Dkt. 394-1 at 136 | 11/12/24 | A. Wesner | 1.40 | $490.00 |
| Dkt. 394-1 at 137 | 11/18/24 | A. Wesner | 1.20 | $420.00 |
| Dkt. 394-1 at 154 | 2/8/25 | D. Stettner | 1.20 | $882.00 |
| Dkt. 394-1 at 155 | 2/28/25 | A. Wesner | 4.20 | $1,575.00 |
| Dkt. 394-1 at 155 | 2/28/25 | S. Brunner | 0.30 | $240.00 |
| Dkt. 394-1 at 155 | 2/28/25 | D. Stettner | 2.20 | $1,617.00 |
| Dkt. 394-1 at 155 | 2/28/25 | M. Bess | 1.70 | $1,207.00 |
| Dkt. 394-2 at 4 | 3/31/25 | J. Gray | 3.80 | $1,805.00 |
| Dkt. 394-2 at 5 | 4/1/25 | J. Gray | 1.60 | $760.00 |
| | | **Totals:** | **64.1** | **$35,026.90** |

## IV.    SSI'S REQUESTED NON-TAXABLE COSTS SHOULD BE REDUCED

SSI asks the Court to award it "$816,119.65 in non-taxable costs" and cites Exhibits D-I to the Brunner Declaration (Dkt. 394-4 to 394-9). Dkt. 393 at 11.  However, the requested non-taxable costs include one expense entirely unrelated to this matter and other

expenses that are not recoverable as a matter of law. As such, SSI should not be permitted to recover the expenses discussed below.

*First*, the requested non-taxable costs include $20,293.75 paid to Mr. Bero for an entirely different matter. In Exhibit E to the Brunner Declaration, Invoice No. 4157 corresponds to $20,293.75 paid to Mr. Bero for services render related "*TSO Delivery, Inc., f/k/a TSO Delivery LLC et al. v. Couple in the Kitchen, LLC et al.*" Brunner Declaration, Exhibit E (Dkt. 394-5) at 22.  Because this invoice has no connection to this case, this expense should be removed from the total and SSI's requested non-taxable costs should also be reduced by $20,293.75.

*Second*, $3,695.46 of these non-taxable costs are for "Meals….for trial team" and "Meals - Ed Sarskas lunch with client."  Brunner Declaration, Exhibit I (Dkt. 394-9) at 2. District courts within the Seventh Circuit have made clear that expenses related to meals for attorneys are not recoverable. *See Walker v. City of Milwaukee,* No. 20-CV-487, 2024 WL 1344244, at \*11 (E.D. Wis. Mar. 29, 2024), appeal dismissed, No. 24-3058, 2025 WL 1380506 (7th Cir. Jan. 29, 2025) ("[M]eal expenses for counsel are not" recoverable); *see also Fields v. City of Chicago*, No. 10-C-1168, 2018 WL 253716, at \*11 (N.D. Ill. 2018) ("All expenses for meals must be deducted from the expenses claimed. Fields has made no attempt to justify recovering these as properly recoverable expenses; presumably those involved would have had to eat even had they not been involved in this case."); *Harper v. City of Chi. Hts*., No. 87-C-5112, 1994 WL 710782, at \*5 (N.D. Ill. Dec. 16, 1994) ("[I]t is inappropriate to have defendants pay for the food and local transportation costs of opposing counsel" when the attorneys "would have . . . incurred [the costs] regardless of this litigation."; *Berry Plastics Corp. v. Intertape Polymer Corp*., No. 310CV00076RLYMPB,

2017 WL 167829, at *4 (S.D. Ind. Jan. 17, 2017) ("The receipts presumably include the cost of attorney meals which are not compensable under Sections 1920 and 1821.") As such, SSI's requested non-taxable costs should also be reduced by $3,695.46.

## V.    CONCLUSION

For the foregoing reasons, this Court should reduce SSI's requested attorney's fees, non-taxable costs, and prejudgment interest in the amounts summarized in the table below.

| Category | SSI's Requested Amount | DZEM's Requested Reduction | Total After Reduction |
|---|---|---|---|
| Supplemental Damages | $1,546,265.00 | $0 | $1,546,265.00 |
| Prejudgment Interest | $2,580,336.00 | $0 | $2,580,336.00 |
| Attorney Fees | $2,638,752.39 | $35,026.90 | $2,603,725.49 |
| Non-Taxable Costs | $816,119.65 | $23,989.21 | $792,130.44 |
| **Totals** | **$7,581,473.04** | **$59,016.11** | **$7,522,456.93** |

Dated: June 2, 2025                    By: _/s/ Boyd Cloern_

Boyd Cloern
Christopher Suarez
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, D.C. 20036
202-429-3000
bcloern@steptoe.com
csuarez@steptoe.com

Joseph M. Kuo (Bar ID 6216400)
Michael J. Pollock (Bar ID 6321866)
**SAUL EWING LLP**
161 N. Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 876-7100
(312) 876-0288
joseph.kuo@saul.com
michael.pollock@saul.com

Courtland C. Merrill (Bar ID 1075944)
**SAUL EWING LLP**
33 South 6th St, Suite 4750
Minneapolis, MN 55402
(612) 225-2800
courtland.merrill@saul.com

Lauren A. Degnan
**Fish & Richardson**
1000 Maine Ave, SW
Suite 1000
Washington, DC 20024
617-542-5070
lad@fr.com

*Attorneys for Defendant Dongguan
Zhengyang Electronic Mechanical LTD*

- 9 -