IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SSI TECHNOLOGIES, LLC,

                Plaintiff,

v.                                                    OPINION and ORDER

DONGGUAN ZHENGYANG ELECTRONIC                  20-cv-19-jdp
MECHANICAL LTD,

                Defendant.

---

Plaintiff SSI Technologies, LLC prevailed in a patent infringement suit against defendant Dongguan Zhengyang Electronic Mechanical LTD (DZEM), and the court has decided the parties' post-trial motions. Dkt. 388 (post-trial order). But three issues related to the final damages award remained after the court's order on the post-trial motions: (1) the amount SSI should be awarded in supplemental damages; (2) the amount SSI should be awarded in prejudgment interest; and (3) the amount of reasonable attorney fees and litigation expenses SSI incurred after February 13, 2023.

The parties agree that SSI is entitled to $4,638,795 in supplemental damages, as enhanced by the post-trial order. The court previously determined that the damages for infringing sales through July 31, 2024, with the enhancements applied in the court's order on post-trial motions are $35,359,380. So with supplemental damages added, the total damages as enhanced are $39,998,175.

The parties also agree that SSI is entitled to $2,516,882 in prejudgment interest through June 30, 2025. Dkt. 398; Dkt. 399; Dkt. 395-1 (Schedule I1.0 to declaration of Richard Bero regarding prejudgment interest through specified dates).

The two amounts that remain in dispute are a portion of SSI's requested attorney fees and some litigation expenses.

As for attorney fees, SSI requests that the court award $2,638,752.39 for attorney fees it incurred after February 13, 2023. DZEM contends that SSI's reward should be reduced by $35,026.90, which is the amount that corresponds to time entries that are largely or entirely redacted in SSI's billing record submission. Dkt. 398, at 7–9. The court has reviewed the challenged entries and agrees that the redactions in them prevent DZEM and the court from evaluating the reasonableness of the time billed.

SSI contends that the court "already has assurances that the time reflected in the redacted entries is reasonable because DZEM has not objected to any other nonredacted entry." Dkt. 399, at 2. But the reasonableness of other entries does not determine whether the time billed in the challenges entries was reasonable. This court's standing orders require a party seeking attorney fees to submit "[c]ontemporaneous logs, with separate entries for the hours spent on specific tasks" and specify that "each entry should indicate who performed the work and give a description of the task." Dkt. 14 (attachment at 39). The redacted entries do not comply with the court's order that SSI provide a description of the task performed, and SSI offers no explanation for why it believes the challenged redactions are necessary. The redactions in the challenged entries make it impossible for the court to determine whether the time billed in those entries was reasonable, so the court will reduce SSI's attorney fees award by $35,026.90, for a total attorney fees award of $2,603,725.49.

As for non-taxable costs, SSI requests $795,825.90 in litigation-related expenses. DZEM objects to $3,695.46 of these expenses, comprising meals for the trial team and an attorney's "lunch with client." Dkt. 394-9, at 2. DZEM contends that meals for attorneys are

2

not recoverable expenses. Dkt. 398, at 10–11 (citing district courts in the Seventh Circuit that have held meals are not recoverable expenses). In response, SSI contends that this court has held that meals are recoverable under 35 U.S.C. § 285 as expenses "necessary for the case." Dkt. 399, at 3 (citing *Third Wave Techs., Inc. v. Stratagene Corp.*, No. 04-C-0680-c, 2006 WL 517629, at *4 (W.D. Wis. Feb. 21, 2006)). SSI also contends that DZEM waived its objection to recovery for meals because it did not raise the category of meals when it objected to SSI's request for travel and lodging costs for trial after SSI expressly identified meals as a recoverable expense in its post-trial motion and that the court resolved this issue when it said "expenses cited in SSI's motion . . . are typical of patent cases of this scale and were necessarily obtained for the case." Dkt. 388, at 25. *See also* Dkt. 356, at 33; Dkt. 372, at 60.

The court agrees that the reasoning in *Third Wave Technologies* applies to this case. Catering for the attorneys during a week-long trial is a reasonable expense that was necessary for the case. It's true that the attorneys would have had to eat even if they weren't participating in the case. But outside meals are inevitably more expensive than meals at home, which is why many entities provide reimbursement for meals while travelling or otherwise on the job. The court will award SSI $795,825.90 in non-taxable costs.

ORDER

IT IS ORDERED that:

1. Plaintiff SSI Technologies, LLC's motion for post-trial remedies, Dkt. 392, is GRANTED as follows:

   a. SSI is awarded $39,998,175 in damages.

   b. SSI is awarded $2,516,882 in prejudgment interest as of June 30, 2025.

   c. SSI is awarded $2,603,725.49 in attorney fees.

3

      d. SSI is awarded $795,825.90 in non-taxable costs.

2. The clerk of court is directed to enter judgment in accordance with this opinion and close the case.

Entered June 30, 2025.

                      BY THE COURT:

                      /s/

                      _____
                      JAMES D. PETERSON
                      District Judge