IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SSI TECHNOLOGIES, LLC,

                Plaintiff,

v.                                          OPINION and ORDER

DONGGUAN ZHENGYANG ELECTRONIC                 20-cv-19-jdp
MECHANICAL LTD,

                Defendant.

---

Plaintiff SSI Technologies, LLC prevailed in a patent infringement suit against defendant Dongguan Zhengyang Electronic Mechanical LTD (DZEM), and the court has entered judgment against DZEM. Dkt. 401. DZEM asks this court to stay enforcement of the judgment pending appeal.[1] Dkt. 402.

The judgment amount is $46,009,768.48. DZEM proposes to deposit half the judgment into an interest-bearing account through the Court Registry Investment System (CRIS), pursuant to Federal Rule of Civil Procedure 67 and 28 U.S.C. § 2041. The other half of the judgment would be unsecured. DZEM says that with cash from its parent company and its subsidiary, DZEM would have plenty of cash to pay the rest of the judgment if it were affirmed on appeal. SSI opposes, asking the court to require DZEM to fully secure the judgment. Dkt. 407.

---

[1] DZEM also asks the court to stay enforcement of the judgment until the court rules on its motion for a stay pending appeal. Dkt. 405. Under Rule 62, the judgment was automatically stayed for 30 days after entry. Because this order is being issued before expiration of that automatic stay, the court will deny DZEM's request to extend the 30-day stay as moot. The court will grant DZEM's motions to file reply briefs in support of its motions. Dkt. 409 & Dkt. 410.

Under Rule 62(b), a party may obtain a stay of enforcement of a monetary judgment by posting a bond or other security. District courts have discretion to waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). When considering whether to waive the bond, or allow a party to post a partial bond, courts consider the following factors: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the court's degree of confidence in the availability of funds to pay the judgment; (4) whether the cost of a bond would be a waste of money because the defendant's ability to pay the judgment is so plain; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* at 904–05. The parties agree that the fifth *Dillon* factor is not at issue, but the other factors are contested.

DZEM relies on a declaration from Yi-Hsin Ku, its chairman, in which he asserts that: DZEM has $54 million in available cash; its parent, Westwood Merchandise Co., Ltd., has $86 million in cash; and its subsidiary, KUS Americas, Inc., has $8 million in cash. Dkt. 403. Ku offers his personal promise that the CRIS deposit will be made in one week (or at most 30 days), and that the other half will be immediately paid if the judgment is affirmed (and the validity of the patent is upheld by the USPTO in the newly initiated ex parte reexamination).

To put it bluntly, that's just not going to cut it. Ku says that Westwood's money is in Hong Kong banks, but he doesn't say where the other purportedly available cash is. DZEM itself is a Chinese entity, and Westwood Merchandise Co. is incorporated in the British Virgin Islands. The only domestic entity is the subsidiary, KUS Americas, but it has only has $8 million in cash. None of the cash is in the Western District of Wisconsin. Ku's personal promises are not enough to persuade the court that the collection process involving these

2

entities would be straightforward or certain. Ku's declaration does not establish that he has the personal authority to direct payment from these three entities, only one of which is actually a defendant in this case. Nor do the unaudited financial statements (even if regularly updated) persuade the court that DZEM would have the ability and willingness to pay the judgment if it is affirmed a year or more in the future.

DZEM's pay-half proposal suggests that it is reluctant to make full payment of the judgment amount, even though it purports to have access to $143 million in cash. Ku says that it would be expensive to get a bond for the second half of the judgment amount, estimating that cost to be $920 thousand to $1.265 million annually. That, he says, would be an "inefficient use of use of DZEM's resources from a business and economic standpoint." Dkt. 403, ¶ 19. But that cost simply reflects providers' estimate of the risk of non-payment. The court sees no reason why SSI should bear that risk, which would be the result of leaving half the judgment amount unsecured.

The court will deny DZEM's motion. It will give DZEM seven days to decide whether to deposit the judgment amount into CRIS or to post a bond for the judgment amount plus interest for the anticipated length of the appeal. Any payment into CRIS must be made within 14 days of the date of this order; any bond must be posted within 30 days of this order. If DZEM chooses to deposit funds into CRIS, it will need to tender payment via check or wire transfer and coordinate with the clerk of court to make the payment.

ORDER

IT IS ORDERED that:

1. Defendant Dongguan Zhengyang Electronic Mechanical LTD's motion to stay the judgment pending appeal and for approval of a partial bond, Dkt. 402, is DENIED:

    a. DZEM is to inform SSI and the court whether it will secure the judgment amount by payment into CRIS or by posting a bond by August 6, 2025;

    b. Any payment into CRIS must be made by August 13, 2025; any bond to secure a portion of the judgment amount must be posted by August 22, 2025.

    c. Once the judgment is fully secured, enforcement of the judgment is STAYED pending appeal.

2. DZEM's motion to stay the judgment pending a decision on its motion to stay pending appeal, Dkt. 405, is DENIED as moot.

3. DZEM's motions for leave to file reply briefs in support of its motions to stay, Dkt. 409 & Dkt. 410, and GRANTED.

Entered July 30, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge